## STAVER CARRIAGE CO. v. PARK STEEL CO.

(Circuit Court of Appeals, Seventh Circuit. October 12, 1900.)

### No. 681.

1. SALES—CONSTRUCTION OF CONTRACT—BREACH.

A contract to furnish "all the tire steel * * * which will be used in buyer's works prior to September 1, 1899, not to exceed 14,000 sets, nor to be less than 10,000 sets," to be specified by the buyer for shipment, "all not later than 15 days before the expiration of this contract," is one in which the quantity of tire steel which the seller is bound to furnish and the buyer to take is measured by the quantity reasonably required for use in the buyer's works up to the date named, within the amounts specified; and a breach of the contract cannot be predicated on the failure of the seller to furnish steel ordered for shipment beyond the 10,000 sets, and up to 14,000 sets, unless it is further shown that such material was actually needed for use in the buyer's works prior to September 1, 1899.

2. PLEADING—SUFFICIENCY OF DECLARATION—ALLEGATION OF BREACH OF CONTRACT.

An allegation, in a declaration for breach of a contract by which defendant obligated itself to furnish all the tire steel used in plaintiff's works prior to a time stated, that defendant failed and refused to furnish steel "ordered from and specified to the defendant in accordance with the terms of said contract, * * * to be furnished by the defendant to the plaintiff to be used in its works * * * in accordance with the terms of said contract," is insufficient as an allegation that the steel ordered was required for use in plaintiff's works prior to the time fixed by the contract, which allegation is essential to the statement of a cause of action.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Illinois.

The plaintiff in error, Staver Carriage Company, sued in assumpsit to recover damages for alleged breach of a contract for the sale of tire steel. The court below sustained a demurrer to the declaration as amended, and the plaintiff elected to stand by its pleading, whereupon judgment was entered against it, and writ of error issued.

The declaration sets up the making by Park, Bro. & Co., Limited, a joint-stock company, at Pittsburg, Pa., of the following contract in writing:

"Pittsburg, Pa., August 4th, 1898.

"Memorandum of Sale Made by Park, Brother & Co., Limited.

"To Staver Carriage Co., of Chicago, Ill., all the tire steel of good and suitable quality which will be used in buyer's works prior to September 1, 1899, not to exceed 14,000 sets, nor to be less than 10,000 sets, at the following price and terms:

| Grade. | Price per 100 Pounds. |
|---|---|
| Round edge tire steel, 3–4x3–16, and heavier | $1.15. Terms: Cash, fifteen days from date of each invoice, less 2 discount. |

"Deliveries f. o. b. Pittsburg, less car-load rate of freight to Auburn Park, Ill. No freight allowed on shipments of less than 300 pounds. To be specified: For car-load shipments, and in reasonable time for seller to make required deliveries, but all not later than 15 days before the expiration of this contract. Any steel proving defective when used for the purpose specified will be replaced, but no claim for labor or damage will be allowed. In case any shipment of steel proves unsuitable, it is understood that the buyer will immediately discontinue its use and advise the sellers of the fact, that the sellers may have an opportunity of deciding what shall be done under the circumstances, so that possible loss or damage to either party shall be prevented. Serious fires, strikes, differences with workmen, accidents to machinery, or other causes unavoidable or beyond seller's control; shall excuse any delay in filling orders caused thereby. There are no understandings or agreements relative to this contract that are not fully expressed herein, and no changes will be made in this contract unless reduced to writing and signed by both parties. The title to goods delivered under this contract to remain in the sellers until they shall have received the money for the same, and upon failure to make such payment the sellers may repossess themselves and take away said goods. To render this contract binding upon sellers, it must be signed by one or more of their officers, and its acceptance by any salesmen or agent is subject to their approval.

"Accepted.
"Staver Carriage Co.,
"Per W. N. Abbott, Supt.

Accepted.
Park, Brother & Co., Limited.
W. G. Park, Chairman.
"Jas. H. Park, Manager.

"Signed in duplicate."

—And further avers as follows: "That during the term of said contract, and on or about the 1st day of March, A. D. 1899, the said Park, Bro. & Co., Limited, assigned and conveyed its property, assets, and business to the defendant, in consideration whereof the defendant then and there assumed the performance of the contract aforesaid to be performed on the part of Park, Bro. & Co., Limited, along with other liabilities, and then and there promised and agreed to perform the same in so far as the same remained at that time unperformed by the said Park, Bro. & Co., Limited. That, since said defendant so assumed the performance of said contract, it has only partially performed the same, and has failed and refused to perform the same, in this: That on, to wit, the 6th day of July, A. D. 1899, within a reasonable time to enable defendant to ship the same, and more than fifteen days prior to the expiration of said contract, the plaintiff ordered from and specified to the defendant, in accordance with the terms of said contract, one hundred and thirty-four thousand six hundred pounds of tire steel, of good and suitable quality, part and parcel of the steel mentioned and described in said contract, to be furnished by the defendant to the plaintiff to be used in its works at Auburn Park, Illinois, in accordance with the term of said contract, as follows: [Specifying 3,400 sets, of various descriptions.] All and every of which said tire steel so ordered and specified as aforesaid the defendant failed and refused to ship and deliver to the plaintiff for use as aforesaid, although the amount thereof, together with the amount previously furnished by Park, Bro. & Co., Limited, and the defendant, under said contract, did not exceed fourteen thousand sets, and although the plaintiff had fully performed said contract on its part to be performed, and had promptly paid, in accordance with the terms of said contract, the purchase price of all tire steel delivered, at the contract price, by reason whereof an action has accrued to the plaintiff to demand of and from the defendant the damages suffered by it for failure to furnish and deliver said tire steel as provided by said contract, which said damages the plaintiff avers amount to the sum of two thousand and nineteen hundred dollars ($2,019). Nevertheless the said defendant has not paid the same or any part thereof to the plaintiff, though often requested, but so to do has hitherto refused, and still does refuse, to the damage of the plaintiff of three thousand dollars ($3,000.00), and therefore it brings its suit," etc.

The demurrer states the general ground of insufficiency, and, for special cause, "that it does not appear from said amended declaration that the 134,- 600 pounds of tire steel alleged to have been ordered July 6, 1899, were to be used or could have been used in plaintiff's works prior to September 1, 1899."

Almon W. Bulkley, for plaintiff in error.

Harrison Musgrave, for defendant in error.

Before WOODS and GROSSCUP, Circuit Judges, and SEAMAN, District Judge.

SEAMAN, District Judge, after making the foregoing statement, delivered the opinion of the court.

The briefs and arguments have been addressed to the single question of pleading,—whether breach of the contract in suit is well averred in the declaration. The covenant is for sale and delivery of "all the tire steel of good and suitable quality which will be used in buyer's works prior to September 1, 1899, not to exceed 14,000 sets, nor to be less than 10,000 sets," to be specified by the buyer "for carload shipments, and in reasonable time for seller to make required deliveries, but all not later than fifteen days before the expiration of this contract." The contract thus stated is of the class upheld and well defined in National Furnace Co. v. Keystone Mfg. Co., 110 Ill. 427, 434, as one by which the seller was to furnish, and the buyer was to take, the entire supply of tire steel to be used in the buyer's works up to the date and within the amounts specified; "that is, such a quantity, in view of the situation and business [of the buyer], as was reasonably required and necessary in its manufacturing business." See, also, Minnesota Lumber Co. v. Whitebreast Coal Co., 160 Ill. 85, 94, 43 N. E. 774, 31 L. R. A. 529. However the minimum amount specified, of 10,000 sets, may govern, breach of the contract cannot be predicated alone on the failure to furnish the material beyond that amount, and up to 14,000 sets, because of the further limitation in its terms of the actual need of a supply for the use of the works prior to September 1, 1899. Whether the covenant is set out either in hæc verba or according to its legal effect, the rule is elementary that the breach must be assigned with certainty in the declaration. It is generally sufficient, when the terms are clear, in assigning the breach to follow and negative the words of the covenant, but the terms must then be embraced to their full extent; and, when the general assignment of a breach in the words of the covenant does not necessarily imply that the covenant has been broken, the breach must be specially assigned. 4 Enc. Pl. & Prac. 939, 940; Marston v. Hobbs, 2 Mass. 433, 436; Karthaus v. Owings, 2 Gill & J. 430, 441. And, when the obligation to perform the contract depends upon an event which does not otherwise appear from the declaration to have occurred, an averment of such event is essential to a statement of the cause of action. 1 Chit. Pl. (16th Am. Ed.) 329; Harrison v. Vreeland, 38 N. J. Law, 366, 369; Gwillim v. Daniell, 2 Cromp. M. & R. 61. Tested by these rules, it is manifest that a breach is not well assigned in this declaration. There is no averment of the fact that the tire steel as ordered was needed for the use of the works within the term specified by the contract. The statement that it was "ordered from and specified to the defendant in accordance with the terms of said contract, * * * to be furnished by the defendant to the plaintiff to be used in its works at Auburn Park, Illinois, in accordance with the terms of said contract," does not meet the requirement, as it avers only the

making and terms of the order, and not that the fact or condition existed on which the tire steel was to be furnished under the contract; and in any view the statement is not limited, in the words of the contract, to "be used in buyer's works prior to September 1, 1899." The declaration is manifestly framed upon the theory advanced by counsel in its support,—that the purchaser was entitled to the maximum amount mentioned in the contract, without regard to this qualifying clause,—a theory which we deem untenable, as above indicated. The doctrine applicable in such case is well stated by Lord Abinger, in accord with our view, in Gwillim v. Daniell, 2 Cromp. M. & R. 61, approved in Brawley v. U. S., 96 U. S. 168, 172, 24 L. Ed. 622. The demurrer was special, pointing out this defect in the declaration, which was easily curable by amendment if the state of facts warranted such course. The ruling of the circuit court thereupon was correct, and the judgment is affirmed.