## MANHATTAN OIL CO. v. RICHARDSON LUBRICATING CO.

(Circuit Court of Appeals, Second Circuit. February 25, 1902.)

Nos. 78, 79.

**1. CONTRACTS—MUTUALITY.**
A contract whereby defendant agreed to sell, and plaintiff agreed to buy, all the oil "they may require for their own use for a period of twelve months from the date hereof," was not void for want of mutuality.[1]

**2. SAME—CERTAINTY.**
The fact that the quantity of oil to be sold and bought was not definitely determined at the date of the contract, but was to be ascertained by extrinsic evidence, was immaterial.

**3. SAME—CONSTRUCTION.**
The contract obligated defendant to sell only so much oil as plaintiff might require for its own use for the purpose intended within the year, and not as much as it might require within a reasonable period after the expiration of the year.

**4. REFUSAL OF NEW TRIAL—REVIEW.**
The circuit court of appeals cannot review the discretion of the court below in refusing a new trial sought on the ground that the verdict was against the evidence.

In Error to the Circuit Court of the United States for the Southern District of New York.

Chas. De H. Brower, for plaintiff.

Delos McCurdy, for defendant.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The Richardson Lubricating Company, the plaintiff in the court below, and the Manhattan Oil Company, the defendant in the court below, have each brought a writ of error to review a judgment for the plaintiff rendered upon the verdict of a jury.

The action was brought to recover damages for the breach by the defendant of a written contract between the parties dated December 30, 1898, the material provisions of which read as follows:

"The Manhattan Oil Co. agrees to sell to the Richardson Lubricating Co., and the Richardson Lubricating Co. agrees to buy of the Manhattan Oil Co., all the 28° and 30° paraffine oil and asphalt oil they may require for their own use for a period of twelve months from the date hereof. Quality of the oil is to be of the Manhattan Oil Company's best grade; price to be 3½ cents per gallon and 28 gravity paraffine oil, 3 cents for 30 gravity paraffine oil, and 2 cents for asphalt oil, free on board cars at Gallatea, Ohio, in bulk; payments to be made 60 days from the date of invoice; shipments to be made in the tank cars of the Manhattan Oil Co. within six days of the receipt of the order, or earlier if possible."

---

[1] Mutuality in contracts, see note to Oil Co. v. Kirk, 15 C. C. A. 543.

Plaintiff was a manufacturer of lubricating greases and compounded oils, and during the year preceding the contract had purchased oils of the defendant for its manufacturing uses.

It was proved upon the trial that the defendant complied with the contract and made deliveries of oil as ordered by the plaintiff until November, 1899, but thereafter refused to deliver 1,020,000 gallons ordered within the year. Evidence was given for the plaintiff of a tender of the contract price and a formal demand for the delivery of the oil made on the 29th day of December, 1899, and a refusal by the defendant. Evidence was also given for the plaintiff showing the daily capacity of its concern for the consumption of such oil as was ordered, and the market price in December, 1899.

The defendant did not introduce any evidence, and, at the close of the plaintiff's case, requested the court to instruct the jury to render a verdict for the defendant. This was refused, and the defendant excepted. The trial judge instructed the jury, in substance, that the defendant was entitled to recover the difference between the contract price of the oil ordered and the market price at the times when the oil should have been delivered, but that plaintiff was only entitled to order such quantity as it could use within the year ending December 30, 1899, and that, according to the true construction of the contract, the defendant did not undertake to sell any oil which might be required by the defendant for its use after the expiration of the year, but did undertake to sell the quantity their business would require for the 12 months. The plaintiff requested an instruction that "the only limitations upon the amount of oil which the plaintiff was entitled to order for its own use were the ability of the plaintiff to pay therefor, and the capacity of the plaintiff's works to use within a reasonable period after December 30, 1899." The instruction was refused, and the plaintiff excepted.

The exceptions which have been referred to are the basis of the assignments of error of the respective parties, and the rulings to which they were taken may properly be considered in the order in which they were made. It is insisted for the Manhattan Oil Company that the contract was invalid for want of mutuality, and consequently that the trial judge should have directed a verdict for the defendant. If the contract did not obligate the plaintiff to take any specified quantity of oil, manifestly there was no consideration for the promise of the defendant. But in consideration of the defendant's promise to sell, the plaintiff promised to buy all the oil it should require for its own use for a specified period of time. Read in the light of the previous business relations of the parties, it is plain that by this was meant that it should buy what oil it should require for its use in its manufacturing business. This is a very different promise from one to buy what it might desire, or from a mere option to buy. If it had bought oil from any other dealer for use in its business during the 12 months, its promise would have been broken, and the defendant could have recovered damages for any loss accruing. The mutual obligation of the parties to perform the contract constituted a consideration for the promise of each. It is quite immaterial that the quantity of oil to be sold and bought was not definitely determined at the date of the con-

tract, but was to be ascertained by extrinsic evidence. The contract is quite analogous to that which was considered in Wells v. Alexandre, 130 N. Y. 642, 29 N. E. 142, 15 L. R. A. 218. In that case the plaintiff made a proposition by letter to the defendant to furnish all the steamers of the defendant's line with coal for a designated period at a specified price per ton, and the defendant accepted the offer; and, although the quantity to be furnished was not otherwise designated, the court declared that, notwithstanding the quantity was indefinite at the time of the contract, it was nevertheless determinable by the terms of the contract, and therefore certain, within the maxim, "certum est quod certum reddi potest."

We are satisfied that the trial judge placed a proper construction upon the contract in his instructions to the jury when he limited the obligation of the defendant to one to sell the plaintiff only so much oil as the plaintiff should require for use in its manufacturing business within the year. To have extended it to an obligation to sell as much as the plaintiff might require to use within a reasonable period after the expiration of the year would have been to make a new contract for the parties. By the contract the plaintiff was at liberty to use more or less, so long as it observed good faith, and did not reduce or increase its consumption beyond the legitimate requirements of its manufacturing business. National Furnace Co. v. Keystone Mfg. Co., 110 Ill. 427; Staver Carriage Co. v. Park Steel Co., 43 C. C. A. 471, 104 Fed. 200. The terms of the contract in this respect were wide, and placed the defendant measurably at the mercy of the plaintiff, and they ought not to be enlarged beyond their necessary import. The adjudications cited by counsel in support of a different construction (Barber Asphalt Pav. Co. v. Standard Asphalt Co., 39 App. Div. 617, 58 N. Y. Supp. 405, and Whitehouse v. Gas Co., 17 Law J. C. P. 237) are not instructive, as the different phraseology of the contracts differentiates each of those cases from the present.

The assignments of error which have been considered are the only ones that merit notice. The rule that this court cannot review the exercise of discretion by the court below in refusing a new trial because the verdict was against the weight of evidence has been so frequently reiterated that it would seem that assignments of error based upon the denial of such a motion should no longer be urged.

The judgment is affirmed.