Cameron v. Sexton.

## William A. Cameron v. John M. L. Sexton et al.

1. DEEDS—*Construction of Words " Claim of Any and Every Description."*—A deed contained a clause to the effect that the grantee took the title, " subject, however, to existing mortgages, liens, taxes and claims of any and every description." *Held,* that the purpose of the phrase " claims of any and every description," was to except from the warranty of the deed, claims of any and every description existing against the land, but not claims against the grantor which were not in law valid and existing charges upon the land itself.

2. CONTRACTS—*Should be Construed According to the Natural and Most Obvious Import of the Language Used.*—Statutes and contracts should be read and understood according to the natural and most obvious import of the language used, without resorting to subtle and forced construction for the purpose of either limiting or extending their operation.

3. SAME—*Question to be Determined in the Construction of Written Instruments.*—The question in the construction of written instruments is, not what was the intention of the parties, but what is the meaning of the words they have used. The intention of the parties is to be ascertained as expressed by the language used, and not the intention which may have existed in their minds, but is not expressed by their language.

4. SAME—*When Resort May be Had to Oral Evidence of Surrounding Circumstances.*—It is only where the language is obscure or doubtful that resort may be had to oral evidence of surrounding circumstances to ascertain the intention of the parties to the deed. But this

can not be had for the purpose of contradicting or varying the language actually employed.

5.    LIENS—*May be Created by an Express Agreement.*—A charge in the nature of a lien on real property may be created by an express agreement.

**Bill to Set Aside a Deed,** and other relief. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed. Opinion filed November 17, 1903.

This controversy arises upon a bill filed by appellee Eli A. Gage reciting, among other averments, that by an arrangement with one John McSorley, a contractor, he took the legal title to premises in controversy to hold while a large flat building should be erected thereon, he to receive as compensation for his services the sum of $500; that holding said title, various orders were presented to him by persons furnishing labor and material for such building, and he became obligated to pay certain indebtedness, the exact amount of which he is not advised; that he was unable to make a loan, as originally intended, to pay such debts; that appellant had furnished material for the building for which McSorley was indebted, and thereupon it was agreed between said parties that Gage should convey the property upon which was the unfinished building, to one Detlor, an employe of appellant's and acting for him; that it was agreed Detlor should obtain a loan on the property and pay all indebtedness, and whatever expense should be necessary to complete the same, and hold title for the benefit of McSorley and complainant, in reliance on which agreement Gage made the conveyance; that as complainant had personally incurred indebtedness in connection with the building on behalf of McSorley, the latter agreed to hold him harmless, and executed an indemnity contract, which, at McSorley's request, was not recorded; and that McSorley and appellant entered into an agreement to defraud Gage and those who had furnished labor and material on the building.

In an amended bill it was set up, among other things, that by reason of the assumption clause in the deed from Gage

to Detlor, the latter and appellant became liable to pay all the indebtedness incurred by Gage in connection with the property and the erection of the building. An accounting of all claims is prayed for, and that appellant be decreed to hold the property for the benefit of Gage and such persons as had furnished the material and labor not paid for, and that Gage may have a lien on the premises for all the claims upon which he had become personally liable.

By leave of court other parties were allowed to file intervening petitions setting up claims against the property for labor and material furnished for erection of the building, or upon orders given or accepted by appellee Gage. The Circuit Court held that by reason of the assumption clause in the warranty deed from Gage to Detlor, appellant acquired the property charged with liabilities of Gage incurred in connection with the erection of the building, and with liability for the claims of intervening petitioners who had furnished labor, material or funds for, or had otherwise contributed to the erection of the building, without reference to whether they were entitled or not, to mechanics' liens.

HENRY S. ROBBINS, attorney for appellant; J. S. DUDLEY, of counsel.

The assumption clause includes only claims against the property; that is, liens.

The general language thereof is to be construed in connection with the specific words, " mortgages, liens and taxes," under the rule *noscitur a sociis.* Drake v. Phillips, 40 Ill. 388; Wilson v. Board of Trustees, 133 Ill. 443–470; Ambler v. Whipple, 139 Ill. 311; City of Cairo v. Coleman, 53 Ill. App. 680; Sims v. U. S. Trust Co., 103 N. Y. 472.

Parol evidence can not be resorted to, to prove the intention of the parties in executing the deed. Fowler v. Black, 136 Ill. 363; Skelton v. Dustin, 92 Ill. 49.

The manner in which the parties have acted under the contract can, however, be considered. Topliff v. Topliff, 145 U. S. 156; Vermont, etc., Church v. Brose, 104 Ill. 212.

ALEXANDER S. BRADLEY, attorney for appellee John M. L. Sexton; J. A. McANROW, of counsel.

The words in Gage's deed, "subject to," etc., of themselves constitute a charge upon the real estate conveyed (notwithstanding the general covenant of warranty therein). 1 Jones, Mtges., Secs. 736, 740, 221–2; Drury v. Holden, 121 Ill. 130, 137; Markoe v. Andras, 67 Ill. 34; Sidwell v. Wheaton, 114 Ill. 267.

The additional words in the deed " which the party of the second part assumes and agrees to pay," place the vendee " in the shoes " of Gage, as to those claims. Holden v. Dunn, 144 Ill. 413, 420.

FASSETT & ANDREWS, attorneys for appellee Pyott Foundry Co.

MATZ, FISHER & BOYDEN, attorneys for appellee Eli A. Gage.

The words " subject to " in a deed create a charge upon the land conveyed. Sidwell v. Wheaton, 114 Ill. 267; Markoe v. Andras, 67 Ill. 34; Drury v. Holden, 121 Ill. 130, 137; 1 Jones on Mortgages, Secs. 736, 740.

Parol evidence admissible to explain short and incomplete terms in a written instrument, if the evidence does not contradict what is in writing. 1 Greenleaf on Ev., 16th Ed., Sec. 282, note 1; Work v. Welsh, 160 Ill. 468; Minn. L. Co. v. Wh. Coal Co., 160 Ill. 85.

The identity of a mortgage assumed, when left in doubt by the terms of the deed, may be shown by parol evidence. 1 Jones on Mortgages, Sec. 740a.

Although the rights of the parties must be ascertained from the words of the deed, the surrounding circumstances may be taken into consideration in order to ascertain the intention of the parties to the deed. The intention thus ascertained must be given effect if possible. L. & N. R. R. Co. v. Koelle, 104 Ill. 455, 460; Batavia Mfg. Co. v. Newton Wagon Co., 91 Ill. 230, 239; Fowler v. Black, 136 Ill. 363.

DENT & WHITMAN, attorneys for appellee Norman G. Croall.

Parties may, if they so choose, validly and enforceably charge real estate with the payment of sums of money; and although such charge may not amount to a mortgage in the ordinary sense of the term, or may not fulfill the requirements of the statutes in respect to mechanics' liens, yet still such liens, called by the authorities "equitable liens" may be maintained and enforced. Pinch v. Anthony, 8 Allen (Mass.), 536; Myers v. Perry, 72 Ill. App. 450 (and cases cited); Tinsley v. Durfey, 99 Ill. App. 239; Dean v. Long, 122 Ill. 447, 460; Bennett v. Nichols, 12 Mich. 22; Ross v. Perry, 105 Ala. 533; Sidwell v. Wheaton, 114 Ill. 267.

Mr. Presiding Justice Freeman delivered the opinion of court.

The controlling question involved in this case is the construction of the phraseology employed in a warranty deed made by appellee Gage virtually to appellant, whereby the grantee took the title " subject, however, to existing mortgages, liens, taxes and claims of any and every description which the party of the second part assumes and agrees to pay."

There is no question as to what is meant by "mortgages, liens, taxes." The language in controversy is "claims of any and every description." It is contended in behalf of appellant that these words include only claims against the property, that is, claims in the nature of liens; that every claim against the property is in effect a lien upon it. On the other hand it is contended in behalf of appellees that the purpose is not merely to make an exception to the general warranty, but also to create a charge upon the land in favor of persons having claims of any kind growing out of the erection of the building.

Read in what seems to us its obvious meaning and giving effect to all the language used, the purpose of the clause is to except from the warranty of the deed claims of any and every description existing against the land. These claims may include possessory rights, leasehold interests and the

like, not perhaps in the ordinary sense properly described as liens. It is claims against the land only, which the grantee assumes and agrees to pay. He clearly does not assume or agree to pay claims against the grantor which are not in law valid and existing charges upon the land itself. Such claims would not affect the title to the land, and it is the title which the grantor warrants. The evident intention of the clause in controversy is merely to except from the warranty existing claims of any and every description which, like mortgages, liens and taxes, *ejusdem generis*, are or may become a valid charge against the land itself (see Misch v. Russell, 136 Ill. 22, 28); in other words, which may be legally enforced against it, and from which but for the exception, the grantor might be liable to protect the grantee's title. In Beardstown v. Virginia, 76 Ill. 34, 40, it is said: " It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. Statutes and contracts should be read and understood according to the natural and most obvious import of the language, without resorting to subtle and forced construction for the purpose of either limiting or extending their operation." It is the meaning upon the face of the instrument which courts must say was the intention of the parties thereto. The question in the construction of written instruments is, not what was the intention of the parties, but what is the meaning expressed by the words they have used. The intention of the parties is to be ascertained as expressed by the language used and not the intention which may have existed in their minds, but is not expressed by their language.

It is only where the language is obscure or doubtful that resort may be had to oral evidence of surrounding circumstances to ascertain the intention of the parties to the deed. But this can not be had for the purpose of contradicting or varying the language actually employed. Fowler v. Black, 136 Ill. 363, 372.

It is urged by appellees' counsel that the words " claims of any and every description " created a lien by contract, refer-

ring to Sidwell v. Wheaton, 114 Ill. 267.    In that case it was held that an assumption by the grantee of payment of two certain notes, created an express lien by contract on the land conveyed.    But in the case at bar such is not the case. If the language employed had been, subject to existing mortgages, liens, taxes and claims in favor of John M. L. Sexton for a specific sum, and in favor of each of appellees for other definite sums, a lien by express contract might have been created.    A charge in the nature of a lien on real property may be created by an express agreement (Pinch v. Anthony 8 Allen (Mass.), 536), but the clause in controversy contains none.

The claims of the appellees which were allowed by the Circuit Court, not being valid and existing charges against the land when the deed in question was executed and delivered, were not included in the reservation made in that instrument, and can not be enforced in this proceeding. The decree in that respect was erroneous.    Whether any of these parties are in a situation to establish liens under the statute we are not called upon to consider in this case.

The decree of the Circuit Court must be reversed.