### ANAHEIM SUGAR CO. v. T. W. JENKINS & CO. *

(Circuit Court of Appeals, Ninth Circuit.   August 1, 1921.)

No. 3510.

1. Sales ⬅➡181(11)—Evidence held sufficient to sustain verdict for breach of contract to supply plaintiff's requirements.

   In an action by a wholesale grocery company against a sugar manufacturer for breach of a contract for the sale of plaintiff's "August requirements" of sugar, evidence concerning plaintiff's requirements *held* sufficient to sustain a verdict in its favor.

2. Sales ⬅➡421—Instructions as to circumstances justifying recovery on contract to supply party's requirements held not erroneous.

   In an action by a wholesale grocery company against a sugar manufacturer for breach of a contract to supply the wholesale company's "August requirements," instructions stating the circumstances under which there could be a recovery on such a contract *held* to give the manufacturer no just cause to complain.

3. Trial ⬅➡296(9)—Instruction that question of right to recover was for jury held not erroneous in connection with preceding clause.

   A statement, in an instruction in an action for breach of contract, that the question whether or not plaintiff was to recover was with the jury, and not with the court, was not erroneous, when read in connection with the clause immediately preceding, in which the court stated that the fact that he had charged concerning damages should not be taken by the jury as an intimation of the court's opinion that plaintiff was entitled to recover damages.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied October 10, 1921.

**4. Trial ⊜═296(9)—Instruction that appellate court had held contract valid not erroneous.**

In an action for breach of a contract of sale of plaintiff's "August requirements" of sugar, a statement in the charge that the Circuit Court of Appeals had held the contract valid was not erroneous, in view of other instructions.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action by T. W. Jenkins & Co. against the Anaheim Sugar Company. Judgment for plaintiff, and defendant brings error. Affirmed.

See, also (D. C.) 237 Fed. 278; 247 Fed. 958, 160 C. C. A. 658, L. R. A. 1918E, 293.

The case is here for the second time—the first occasion having been a writ of error bringing up the ruling of the trial court sustaining a demurrer to the complaint. 247 Fed. 958, 160 C. C. A. 658, L. R. A. 1918E, 293. The complaint was based upon a contract entered into between the defendant in error, a wholesale grocery corporation of Portland, Or., and the plaintiff in error, a sugar manufacturing corporation in Southern California, which contract reads:

"San Francisco, Calif., June 13, 1914.

"A contract is hereby entered into between Anaheim Sugar Company, party of the first part, and T. W. Jenkins & Company, party of the second part, to wit:

"Party of first part sells and party of second part buys August requirements bags fine granulated beet sugar at $4.20 per bag, less 2% cash 8 days, f. o. b. San Francisco, August shipment.

"It being understood and agreed that party of the first part guarantees the price up to time of arrival against decline only to the basis of the C. & H. and Western Sugar Refining Co.      Anaheim Sugar Company,

"Per Ariss, Campbell & Gault, Agts.,
"Party of 1st Part.
"T. W. Jenkins & Company,
"Party of 2d Part."

The complaint alleges, among other things, that the price agreed upon for the sugar was 10 per cent. less than the then prevailing market price at San Francisco, and was so fixed by the defendant company in consideration of the plaintiff "agreeing with the defendant that it would purchase exclusively from defendant all fine granulated beet sugar required in its business during the month of August, 1914, and, relying upon defendant's agreement to sell to plaintiff all fine granulated beet sugar required by it in its business during the said month of August, plaintiff made no other arrangement for the purchase of its August requirements, and did not purchase any fine granulated beet sugar from any person or persons other than defendant above named."

The complaint then alleges that during the month of August, 1914, the plaintiff required in its business and ordered of defendant 4,800 bags of fine granulated beet sugar, and that there was shipped and delivered from time to time during that month by the defendant to the plaintiff 600 bags of such sugar and no more—the defendant refusing the plaintiff's demand for the other 4,200 bags. The complaint also alleges that at the time the contract was entered into the plaintiff was, and for many years before that had been, engaged in the wholesale grocery business at Portland, in pursuance of which it had in the states of Washington, Oregon, and California, and other places, many thousands of customers to whom it sold sugar, among other articles, and that its ordinary requirements during the month of August of each year, including that of 1914, of sugar of the kind and character specified in the contract, was in excess of 4,800 bags, and that, relying upon the contract sued on, the plaintiff contracted with its customers to deliver to them 4,800 bags of the sugar the defendant company had agreed to furnish the plaintiff, and that by reason

---

⊜═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the defendant company's refusal to comply with its contract the plaintiff was damaged in the sum of $13,020. The complaint also alleges that the defendant company knew at the time of entering into the contract the manner in which the plaintiff conducted its business.

The answer of the defendant put in issue the averments of the complaint regarding the quantity of sugar required by the plaintiff, and also the alleged knowledge of the defendant of the plaintiff's previous requirements and methods of doing business, and set up as separate defenses that the plaintiff had purchased from the defendant, at divers times during the period of approximately two years preceding the making of the contract, quantities of beet sugar averaging only about 333 bags per month, and that at the time of the making of the contract the defendant company had no knowledge of the plaintiff's normal or other requirements than such as was derived from those previous dealings; that the plaintiff's normal requirements of August did not exceed 600 bags, but that the plaintiff sought to take advantage of the sharp advance in sugar brought about by the late war, and therefore ordered sugar largely in excess of its normal needs; that the plaintiff was itself uncertain as to its August requirements, and in fact notified the defendant, on or about August 18, 1914, that its August requirements might reach 50,000 bags; that at the time of the making of the contract the plaintiff informed the defendant that it did not itself know what its requirements would be for August, 1914, as its requirements were not capable of approximate estimate in advance, for the reason that its needs would depend upon the condition of the market at the time and upon its ability to secure orders from its customers at prices in excess of the contract prices.

The verdict returned by the jury in the plaintiff's favor was for $8,190, for which judgment was entered, with interest and costs, against the defendant.

Donald Barker and Wm. H. Neblett, both of Los Angeles, Cal., for plaintiff in error.

Roscoe C. Nelson and Beach & Simon, all of Portland, Or., and Allen & Weyl, of Los Angeles, Cal., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge (after stating the facts as above). In sustaining the validity of the contract sued on, this court said when the case was last here:

"The difference between a contract which does not obligate a buyer to take any specified quantity of the seller's product and one where in consideration of the seller's promise to sell the buyer promises to buy all the produce it may require for its own use for a definite period of time is substantial. In the one instance there would be no consideration, while in the other there would be a mutual obligation to perform, which is a consideration for the promise of each. A mere option to buy is readily distinguishable from an agreement to buy all to be required. Suppose, for instance, the plaintiff herein had bought sugar from any other sugar dealer for sale to its customers during August, it must be that, if loss had occurred, action in damages for breach of contract would have been sustainable, and damages could have been ascertained by extrinsic evidence. Failure in the contract to fix any requirements on the part of the Jenkins Company for August, 1914, does not seem to us to call for a nullification of the contract upon the ground of want of mutuality. The complaint charges that the contract was made with the knowledge on the part of the defendant of how plaintiff's business was conducted, and that plaintiff made contracts with customers for sale and delivery of sugar to be acquired under the contract with defendant, and knowing what the probable requirements of plaintiff would be. We think that upon demurrer the presumption is that the parties made their agreement with regard to the knowledge as alleged, and that the defendant intended to sell and deliver the quantity of sugar which the plaintiff needed for its August business."

And, furthermore, that—

"By the terms of the contract temptation to cut down requirements because of falling market was reduced, in that it was expressly agreed that the Anaheim Sugar Company, manufacturer, guaranteed the price up to time of refusal against decline only to the base of-price charged by the manufacturer to certain buyers." 247 Fed. 958, 960, 961, 160 C. C. A. 658, 661, 662 (L. R. A. 1918E, 293).

[1] There was testimony tending to show that the defendant in error was a large dealer in sugar—the record showing that its sales during the month of August, 1911, amounted to $25,868.66, as compared with $35,527.19 for August, 1914, during the latter half of which latter month such sales were, according to the record, largely stimulated by war conditions. And that the defendant in error was in truth a large dealer in the commodity in question, whose custom was therefore desirable, further clearly appears from the testimony of the agent of the plaintiff in error, who entered into the contract in question on its behalf—the witness Ariss—who expressly admitted his knowledge of that fact, for which obvious reason he was, according to his own testimony, anxious to obtain a contract obligating the defendant in error to buy from the plaintiff in error exclusively. Admittedly, just what the requirements of the defendant in error would be neither party to the contract knew. Regarding the August, 1914, requirements, we excerpt a few lines from the testimony of Ariss:

"Q. Now, the expression 'August requirement' and 'August shipment,' as used in this contract and used in the trade generally at that time, you understood that to mean orders taken for delivery in August, either within the month of August or two or three days before that time? A. Yes, anything for delivery in August.

"Q. Do you recall, Mr. Ariss, that the instant they started to give you orders for shipments under this contract, just about the 1st of August, do you remember their telling you that they were ready to start shipments and would want the sugar almost at once? A. Yes; I recall that they ordered out 600 to 800 bags about the 1st of August, and before there had been a rise in the market. I do not remember what time in August the heavy advance occurred in the price of sugar. It was along some time after the 10th, I think. I think they did before the 10th of August specify the delivery of additional quantities, or ask for the delivery of additional quantities. I believe the amount of sugar actually delivered to them by the Anaheim Sugar Company for August was 600 bags."

There is no ground for holding the evidence insufficient to sustain the verdict.

[2] The plaintiff in error assigns as error the instructions given by the trial court, as also its refusal to give certain requested instructions. In substance those given and complained of were, that this court had sustained the validity of the contract sued on (which it obviously did, in the decision heretofore cited); that it was not necessary for the plaintiff to establish that the extent of its requirements for August, 1914, was susceptible of exact prophecy at the date of the contract, but that it must show by a preponderance of the evidence that its business was an established and substantial one; that the sale of sugar was a clearly marked and indispensable feature of its business; that it had a reasonably established and dependable list of customers who looked to it

regularly for all or part of their sugar supply, and that within reasonable limitations it was possible at the date of the contract for the parties to it by fair inquiry to approximate the quantity which would probably be needed by the plaintiff, and that in so doing account should be taken of the season of the year, the preceding history and scope of the plaintiff's business, and its normal growth; that the world war and other unlooked-for influences should be excluded from such consideration, and, excluding those things, if a fair approximation of what was required could be arrived at by the parties the contract was enforceable; that the contract did not mean that the defendant was obliged to deliver to the plaintiff all that the latter might require in the sense of all that it might want or desire because of a radical advance in market price or for any other cause not fairly within the contemplation of the parties when the contract was executed; that the word "requirements" meant the amount of sugar which plaintiff would ordinarily and in the regular conduct of its business need to supply the ordinary demands of an established trade in the month of August, 1914, making due allowance for the season (unless the same was abnormal), making allowance also for a healthy normal growth (if the jury believed the business was a healthy and growing one), and which they believed was contemplated by the parties at the time of the execution of the contract; that it was incumbent upon the plaintiff to prove by a preponderance of the evidence that when the contract was entered into both parties to it had knowledge of what the plaintiff's probable normal requirements for fine granulated best sugar would be in the month of August, 1914, and that the contract was entered into in contemplation of that knowledge, in the absence of which knowledge on the part of both parties to the contract the verdict should be for the defendant; that the knowledge so required by both parties to the contract must have been based upon a then existing knowledge of both parties as to previous requirements of the plaintiff for sugar "for corresponding period of time prior thereto with a fair allowance for a normal increase in the volume of the plaintiff's business in said commodity over the volume of business therein for such previous corresponding periods, or to have been based upon a knowledge communicated at or prior to the time of the making of said contract to the defendant by the plaintiff of the plaintiff's probable normal August, 1914, requirements of such sugar, and that the information so communicated to the defendant must have been based upon the plaintiff's previous requirements of the same commodity for corresponding periods prior thereto, with a fair allowance for a normal increase in the volume of the plaintiff's business in said commodity over the volume thereof for such previous corresponding periods"; that mere guesses or expectations of the quantities of plaintiff's probable normal August, 1914, requirements, if not based upon and derived from knowledge of previous actual requirements by the plaintiff for corresponding periods prior thereto, and upon a fair allowance for a normal increase in the volume of plaintiff's business in said commodity over the volumes for such previous corresponding periods would not be sufficient to render the alleged contract involved definite, certain, and

binding; that the probable normal requirements of the plaintiff did not mean its possible requirements, nor could the August requirements be measured exactly by August requirements of previous years, and that in determining what the August requirements were, the jury should take into consideration anything in the record tending to show what the normal conditions for August were, which the parties contemplated at the time of entering into the contract; that if the plaintiff's requirements were increased by the advance in price, and that if such advance in price was unusual and abnormal, the defendant was not obliged to supply any quantity of sugar ordered by the plaintiff because of such stimulated demand; that the law does not permit a contract to be used for speculation or for any other than ordinary and regular business purposes, and that if the plaintiff attempted to use the contract for the purpose of speculation in a rising market, such attempt would be a fraud upon the defendant and the defendant would be entitled to refuse to be bound further by the contract; that it was the duty of both parties to it to deal fairly and in good faith with each other.

In our opinion the plaintiff in error has no just cause to complain of the instructions so given.

[3, 4] The clause in the instructions of the court also assigned as error, reading, "The question of whether or not the plaintiff is to recover is with you and not with me," is to be read in connection with the clause immediately preceding it, reading, "The fact that I instruct you concerning damages shall not be taken by you as any intimation that I am of the opinion that the plaintiff is entitled to recover damages," and as so read it is manifest that the assignment of error is not well taken. The latter observation is equally applicable to the assignment that the court erred in telling the jury in effect that this court had held the contract sued on valid.

In so far as the requested instructions were pertinent and proper, we think they were covered by the instructions given.

The judgment is affirmed.